IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOLCEFINO COMMUNICATIONS, LLC D/B/A DOLCEFINO CONSULTING, *Plaintiff,* vs. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *Defendant.* | § § § § § § § § § § § § § § | Case No. _____ |

---

**Plaintiff's Original Complaint for Injunctive and Declaratory Relief**

---

Plaintiff, Dolcefino Communications, LLC d/b/a Dolcefino Consulting, files this Original Complaint for Injunctive and Declaratory Relief against Defendant, U.S. Department of Housing and Urban Development, and in support respectfully shows as follows:

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive, declaratory, and other appropriate relief. Plaintiff seeks the disclosure of records improperly withheld by Defendant, U.S. Department of Housing and Urban Development.

## II. JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Texas under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Dolcefino Communications, LLC d/b/a Dolcefino Consulting, is a

member of the news media.

4. Defendant, U.S. Department of Housing and Urban Development ("HUD"), is a Department of the Executive Branch of the United States Government. HUD is an agency within the meaning of 5 U.S.C. § 552(f).

### III. STATEMENT OF FACTS

5. For the last year and a half, Plaintiff has investigated the Houston Housing Authority's (the "HHA") purchase of two separate properties from a private seller to be developed into two low-income housing projects called "Eado 800" or "800 Middle," and "Standard Jensen." The HHA has been troublingly secretive about the purchase of these properties, which occurred in December 2020 and March 2021, as well as the ongoing development of the projects.

6. The purchase of both properties violated HUD's rules and the federal requirements for public housing. A portion of the land being purchased for the Eado 800 project was so contaminated with ash from an old city incinerator located nearby that the property could not be used for public housing according to rules promulgated by HUD. With respect to Standard Jensen, the development will sit below I-45 and, therefore, it is not feasible to abate noise-levels to a standard suitable under the federal public housing requirements.

7. The purchase price of both properties together is $67 million—just for the dirt. With such a significant amount of money being spent on land for public housing, the people of the City of Houston need to see the documents associated with these developments. Yet, it was the secrecy of the HHA that caused Plaintiff to turn to HUD for transparency through a series of Freedom of Information Act requests. HUD has failed, however, to provide that transparency and has wrongfully withheld numerous documents requested by Plaintiff.

8. On or about July 1, 2020, Plaintiff submitted a Freedom of Information Act

("FOIA") request to HUD for (1) any emails sent or received between Lorraine Walls (Director of the Houston field office for HUD) or Jane Hornstein (Director of the Special Applications Center for HUD) and any employee or official of the HHA since September 1, 2019; and (2) any emails between Walls and Hornstein, including attachments, relating to the HHA or any project of the HHA since September 1, 2019. This request, attached as **Exhibit 1**, is referred to as the "First Request." Plaintiff and representatives of HUD, including Public Information Officer Howard Rosenberg, exchanged multiple emails, calls, and letters regarding the First Request from on or about July 8, 2020, through on or about June 24, 2021. HUD provided several excuses for the delay, such as being "backed up" and the COVID-19 pandemic. It was not until Plaintiff requested contact information for HUD's legal counsel to discuss "pre-litigation solutions," that records responsive to the First Request were finally produced. Ultimately, in response to the First Request, HUD produced approximately 50 files containing one or two emails per file with missing attachments. The production included emails collected from Walls but not Hornstein. Additionally, Plaintiff submitted a request for similar information under the Texas Public Information Act ("TPIA") from the HHA. The documents produced by the HHA pursuant to Plaintiff's TPIA request indicate that the records produced by HUD were woefully inadequate and that HUD failed to fully produce documents responsive to the First Request. Plaintiff has informed HUD that no emails from Hornstein have ever been produced but those complaints have fallen on deaf ears.

9. On or about August 20, 2020, Plaintiff submitted another FOIA request to HUD for any letters sent by HUD to the HHA regarding current or proposed housing development in Houston since January 1, 2020. This request, attached as **Exhibit 2**, is referred to as the "Second Request." Plaintiff and representatives of HUD, including Garry Cox, an Information Specialist from the Office of the Executive Secretariat, exchanged multiple emails and calls regarding the

Second Request from on or about September 14, 2020, through on or about January 19, 2021. Ultimately, in response to the Second Request, HUD produced four letters on January 12, 2021, regarding the demolition of the Clayton Homes/800 EADO development. More than six months after the first set of records was produced, on July 21, 2021, HUD sent another set of production consisting of one additional 12-page letter. The production of records responsive to this request took nearly one year and, based on HUD's failure to fully produce documents responsive to the First Request, appears to be incomplete.

10. On or about December 15, 2020, Plaintiff submitted another FOIA request to HUD for any emails sent or received by Hornstein, including attachments, related to EaDo 800, 800 Middle Street, or the HHA since January 1, 2020. This request, attached as **Exhibit 3**, is referred to as the "Third Request." Plaintiff and representatives of HUD, including Public Information Officer Howard Rosenberg, exchanged multiple emails and calls regarding the Third Request from on or about December 16, 2020, through on or about June 24, 2021. On June 24, 2021, Public Information Officer Howard Rosenberg informed the Plaintiffs that he was in possession of "hundreds of pages of documents (and a far smaller number of emails)" responsive to the Third Request, yet two and a half months later, the records have not been produced. In response to the Third Request, despite delaying the process by nearly ten months, HUD has not produced any responsive emails or other records.

11. On or about March 4, 2021, Plaintiff submitted a final FOIA request to HUD for emails, including attachments, between Walls and Lance Gilliam, Licia Green Ellis, or LaRence Snowden since January 1, 2020. This request, attached as **Exhibit 4**, is referred to as the "Fourth Request." The First Request, Second Request, Third Request, and Fourth Request are collectively referred to as the "Requests." Plaintiff and representatives of HUD, including Public Information

Officer Howard Rosenberg, exchanged multiple emails and calls regarding the Fourth Request from on or about March 9, 2021, through on or about June 1, 2021. On or about April 28, 2021, Mr. Rosenberg confirmed that several responsive emails existed. He stated that "[Lorraine Walls] apparently struck oil with dozens of emails with LaRence Snowden from January 1, 2020 through the present." Thus, Plaintiff consented to narrowing the scope of the request to expedite the production of records. In response to the Fourth Request, however, HUD still has not produced any responsive emails or other records.

12. For more than a year, both HUD and the HHA have maintained a concerning level of secrecy about both the Eado 800 and Standard Jensen projects. This concern is heightened by the fact that both properties had serious defects that implicate the health and safety of future residents. These defects would have proven fatal to the projects' funding in the absence of a waiver from a higher authority, which both projects received. The waivers for environmental contamination on Eado 800 and noise-level issues on the Standard Jensen project were provided by former Director of the City of Houston's Housing and Community Development Department, Tom McCasland.

13. McCasland has made headlines in recent weeks after being fired from the City of Houston for accusing Houston Mayor Sylvester Turner of "bankrolling" a housing developer and rigging the competitive bidding process for public housing instead of prioritizing families in need. McCasland accused Mayor Turner of creating a "do it because I say so" culture within the City of Houston and alleged a broad theme in the administration's management style that drives out public servants dedicated to integrity and creates a "breeding culture for corruption." In the weeks since McCasland's stunning rebuke of Mayor Turner, it has come to light that the bid Mayor Turner is accused of trying to rig would benefit his long-time law partner Barry Barnes. McCasland further

made it clear that the bid he was accusing Mayor Turner of rigging wasn't the only "unethical" deal in the works.

14. Plaintiff submitted the Requests to investigate corruption and other malfeasance relating to the development of property by HUD and HHA in East Downtown and HUD has failed to be transparent about two flawed and controversial public housing developments. Public housing in Houston has recently become very publicly mired in allegations of corruption and misconduct. The public has a right to see the documents that Plaintiff has requested from HUD.

## IV. REQUEST FOR DECLARATORY RELIEF

15. A present and actual controversy exists between the parties concerning their rights and respective duties. Plaintiff contends that Defendant violated its rights under the Freedom of Information Act, 5 U.S.C. § 552.

16. Declaratory relief is necessary and appropriate.

17. Plaintiff seeks judicial declarations that: (1) each of the Requests is proper under FOIA; (2) Defendant must produce documents responsive to each of the Requests; and (3) Defendant's failure to produce documents responsive to any of the Requests violates Plaintiff's rights under FOIA.

## V. REQUEST FOR INJUNCTIVE RELIEF

18. Plaintiff respectfully asks the Court to order Defendant and its agents, including Howard Rosenberg (Public Information Officer), Garry Cox (Information Specialist), Lorraine Walls (Director of the Houston Field Office), and Jane Hornstein (Director of the Special Applications Center), to fully produce the requested records and to make copies available to Plaintiff.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Dolcefino Communications, LLC d/b/a Dolcefino Consulting prays that citation be issued and served upon Defendant, U.S. Department of Housing and Urban Development, commanding Defendant to appear and answer this lawsuit and that upon final hearing of this cause, that Plaintiff is awarded injunctive and declaratory relief against Defendant, awarded monetary relief, including costs of Court and attorney fees, and awarded such other and further relief, at law or in equity, both general and special, to which Plaintiff may be entitled.

DATED: October 11, 2021.

Respectfully submitted,

**JEFF DIAMANT, PC**

Jeff Diamant
State Bar No. 00795319
Thomas "Tal" DeBauche
State Bar No. 24092331
909 Fannin Street, Suite 2615
Houston, Texas 77010
Phone: (713) 789-0111
Fax: (888) 798-0111
Email: service@jeffdiamantlaw.com

***Attorneys for Plaintiff***